IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAVIER TREVINO, SR., | § | |
| TDCJ #447229, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3220 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Javier Trevino, Sr., is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Trevino has filed a petition for a federal writ of habeas corpus to challenge the calculation of his sentence following a parole revocation. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I. DISCUSSION

Trevino indicates that he was convicted of murder on March 16, 1987, and sentenced by a state district court in Harris County, Texas, to serve twenty-five years in prison in cause number 445168. Trevino remains incarcerated at the Ellis Unit in Huntsville. He does not challenge his underlying conviction. Instead, Trevino complains that prison officials have

incorrectly calculated his sentence following a parole revocation that occurred on October 26, 2003.

### A.    Limitations

It is noted in passing that Trevino's federal habeas corpus petition, which is dated September 13, 2005, was filed well over one year from the time that his parole was revoked on October 26, 2003.  Thus, it appears that the petition is barred by the governing one-year statute of limitations for federal habeas corpus review, which began to run pursuant to 28 U.S.C. § 2244(d)(1)(D), at "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Under § 2244(d)(1)(D), the statute of limitations expired no later than October 26, 2004, meaning that Trevino's federal habeas corpus petition, dated September 13, 2005, is time-barred unless an exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  State court records tendered by the respondent show that Trevino filed his first state habeas corpus application on January 4, 2005, which the Texas Court of Criminal Appeals dismissed on May 4, 2005 for failure to exhaust administrative remedies. *See Ex parte Trevino*, No. 61,282-01.  Trevino filed a second state habeas corpus application on May 18, 2005, which the Texas Court of Criminal Appeals denied on August 31, 2005.  *See Ex parte Trevino*, No. 61,282-02.  Because both of these state habeas proceedings were filed after the prescriptive period had already expired,

neither one tolls the statute of limitations for purposes of § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

The petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(C), (D).  Thus, there is no statutory basis to save the petitioner's late-filed claims.  Likewise, the record discloses no "exceptional circumstances" that would warrant a discretionary exercise of equitable tolling.  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).  Accordingly, the Court concludes that the petition is barred by the governing statute of limitations.  Alternatively, Trevino is not entitled to federal habeas corpus relief because his claim is without merit.

**B.     Merits:  Restoration of Street Time**

The sole claim advanced by Trevino's petition is that he has been denied "time credits" on his sentence.  Trevino notes that he was sentenced to twenty-five years' imprisonment in 1987, released on parole in 1992, and returned to TDCJ following his parole revocation in 2003.  Trevino complains that, following his parole revocation and return to TDCJ custody, prison officials wrongfully refused to restore approximately eleven years of

credit on his sentence for the time he spent out on the street while on supervised release (*i.e.*, "street time") under § 508.283 of the Texas Government Code.

If a Texas prisoner's parole was revoked before September 1, 2001, he was not entitled to credit against his sentence for the street time he had accumulated following the date of his release to the date of his revocation. *See* TEX. GOV'T CODE ANN. § 508.283(b) (Vernon Supp. 2004), *formerly codified at* TEX. CRIM. PROC. CODE art. 42.18 § 14(a). Under an amended version of this statute, certain prisoners whose parole was revoked on or after September 1, 2001, are entitled to some street time credit upon their return to TDCJ following the revocation of parole. *See* TEX. GOV'T CODE ANN. § 508.283(c) (Vernon Supp. 2004); *Ex parte Spann*, 132 S.W.3d 390 (Tex. Crim. App. 2004) (observing that § 508.283(c) of the Texas Government Code and its provision awarding street time credit applies to parole revocations occurring on or after September 1, 2001).

Trevino's parole was revoked in 2003, meaning that the amended version of § 508.283(c) applies to him. However, before an inmate may be entitled to street time credit under § 508.283(c), as amended, two conditions must be met. First, the inmate must not fit within the criteria described in § 508.149(a) of the Texas Government Code, which lists a variety of aggravated offenses. The second condition has to do with the amount of time remaining on the prisoner's sentence at the time that the parole revocation warrant is issued. As long as an offender has not committed one of the offenses listed in § 508.149(a), the amended version of § 508.283(c) essentially provides that parole violators are eligible for

street time credit if the "remaining portion" of their sentence is less than the amount of time they have spent out on parole.

The pleadings in this case show that Trevino was convicted in 1987 of murder. Murder is one of the aggravated offenses listed in § 508.149(a) of the Texas Government Code, which precludes an parole violator from eligibility for restored street time credit under § 508.283(c). Thus, Trevino fails to show that he fits within the category of inmates eligible for restoration of street time credit under Texas law. *See* TEX. GOV'T CODE § 508.283(b) ("If the parole . . . of a person described by § 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released.").

As this discussion reflects, whether Trevino is entitled to street time under a Texas statute is a question of state law. The federal writ of habeas corpus "shall not" issue unless a prisoner shows that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. §§ 2241(c); 2254(a). Even assuming there was an error, an alleged violation of state law does not merit federal habeas corpus relief. As the Supreme Court has held repeatedly, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Moreover, the Texas Court of Criminal Appeals rejected Trevino's claim concerning street time credit on state habeas corpus review. *See Ex parte Trevino*, No. 61,262-02 (Tex. Crim. App. Aug. 31, 2005). Because this was an adjudication on the merits, Trevino is not entitled to federal habeas corpus relief unless the state court's conclusion:

5

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000).  Even under the liberal construction accorded to *pro se* litigants, Trevino falls far short of meeting this standard. Therefore, Trevino has not established that he is entitled to federal habeas corpus relief.

**C.    Request for Leave to Amend to Include an Ex Post Facto Claim**

Trevino requests leave to amend his petition to add an argument that the refusal to restore street time credits violates the Ex Post Facto Clause.  (Docket Entry No. 7).  This claim was not raised in the state courts and is unexhausted for purposes of federal habeas corpus review.  *See* 28 U.S.C. § 2254(b)(1) (a federal court "shall not" grant relief unless the applicant has exhausted available state remedies).  Moreover, the proposed claim is without merit.

Article I, Section 10 of the United States Constitution provides that "[n]o state shall . . . pass any . . . ex post facto [l]aw."  The Supreme Court has construed this to mean that states are prohibited from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed."  *Weaver v. Graham*, 450 U.S. 24, 28 (1981).  Thus, the following two elements must be present for an ex post facto violation to occur: "(1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new

6

law must create a sufficient risk of increasing the punishment attached to the defendant's crimes." *McCall v. Dretke*, 390 F.3d 358, 363 (5th Cir. 2004) (citations and quotation omitted).

Trevino fails to identify with specificity any change in the law made retroactive in violation of the Ex Post Facto Clause.  It is apparent that at all times relevant to Trevino's offense, conviction, and sentence, as well as his release on parole and the revocation thereof, the Texas Legislature had specifically provided for the loss of sentence credits for time spent on parole prior to revocation.  *See Campos v. Johnson*, 958 F. Supp. 1180, 1192 (W.D. Tex. 1997) (citing *Ex parte Palomo*, 759 S.W.2d 671, 673 (Tex. Crim. App. 1988) and *Ex parte Henderson*, 645 S.W.2d 469, 471-72 (Tex. Crim. App. 1983)).  In fact, it has been clear in this Circuit for three decades that a Texas prisoner has no constitutionally protected right to credit against his or her state sentence for time served on parole prior to its revocation.  *See id.* (citing *Betts v. Beto*, 424 F.2d 1299, 1300 (5th Cir. 1970) and *Clifton v. Beto*, 411 F.2d 1226, 1226 (5th Cir. 1969)).  It follows that any amended pleading by Trevino fails to state a valid claim stemming from the loss of any time credit earned while he was out on parole, and that he otherwise fails to show that his sentence has been extended improperly by the application of an ex post facto law.  Because it would be futile to allow the proposed claim, Trevino's motion for leave to amend his petition is denied.

## II.   <u>CONCLUSION AND ORDER</u>

The federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief.  28 U.S.C.

7

§ 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the claims raised by the petitioner plainly lack merit, the petition lacks an arguable basis in law and is subject to dismissal for that reason.  *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Based on the foregoing, the Court **ORDERS** as follows:

1.      The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

2.      The Court's order for an answer from the respondent (Docket Entry No. 2) is **VACATED**.

3.      The petitioner's motion for leave to amend (Docket Entry No. 7) is **DENIED** as futile.

4.      A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **November 29, 2005.**

Nancy F. Atlas
United States District Judge

8